# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 18, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| RENEE CLARK PIERSON, | * | |
| as Administratrix of the | * | UNPUBLISHED |
| Estate of DAVID PIERSON, | * | |
| | * | |
| Petitioner, | * | No. 20-1094V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Guillain-Barré Syndrome |
| | * | ("GBS"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
Katherine Carr Esposito, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On August 28, 2020, Renee Clark Pierson ("Petitioner"), as Administratrix of the Estate of David Pierson ("the decedent"), filed a petition in the National Vaccine Injury Program[2] alleging that the decedent suffered from Guillain-Barré Syndrome ("GBS"), which caused or contributed to his death, as a result of an influenza ("flu") vaccine he received on October 3, 2019.  Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 18, 2023, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 53). Respondent denies that the decedent sustained a GBS Table injury; denies that the flu vaccine caused the decedent's GBS, or any other injury; and denies that the decedent's death is a sequelae of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) A lump sum of $95,000.00 in the form of a check payable to Petitioner as legal representative of the estate of David Pierson.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RENEE CLARK PIERSON, as Administratrix of the Estate of DAVID PIERSON, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-1094V (ECF) <br> Special Master Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Renee Clark Pierson, as Administrator of the Estate of David Pierson ("decedent"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to the decedent's receipt of an influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. The decedent received a flu vaccine on October 3, 2019.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the decedent suffered Guillain-Barre syndrome ("GBS") that caused or contributed to his death. Petitioner further alleges that the decedent died on December 10, 2019, from respiratory failure that was the result of the decedent's poor outcome related to his Guillain-Barre Syndrome diagnosis and related medical course.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on the decedent's behalf as a result of the decedent's condition or his death.

6. Respondent denies that the decedent sustained a GBS Table injury; denies that the flu vaccine caused the decedent's GBS, or any other injury; and denies that the decedent's death is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$95,000.00** in the form of a check payable to petitioner as legal representative of the estate of David Pierson. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the decedent's estate under the laws of the State of Louisiana. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of the decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of the decedent at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of the decedent upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as administrator of decedent's estate, on her own behalf, and on behalf of decedent's estate, and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or

alleged to have resulted from the flu vaccination administered on October 3, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about August 28, 2020, in the United States Court of Federal Claims as petition No. 20-1094V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the decedent sustained an injury of GBS; that the flu vaccine caused the decedent's alleged injuries, or any other injury; or that the decedent's death was a sequelae of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder in her capacity as administrator of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*Renée C. Piersen*

RENEE CLARK PIERSON

**ATTORNEY OF RECORD FOR PETITIONER:**

*David Carney*

DAVID J. CARNEY
Green & Schafle, LLC
~~2332 100~~ South Broad Street, ~~Suite 1218~~
Philadelphia, PA ~~19103~~ 19145
(215) 326-9256
dcarney@greenlegalteam.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by Henry P. Mcmillan -S3   Digitally signed by Henry P. Mcmillan -S3  Date: 2023.04.06 09:45:34 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Katherine C. Esposito*

KATHERINE C. ESPOSITO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3774
katherine.esposito@usdoj.gov

Dated: 4/18/23

5